E. WINER AND SARAH WINER, his wife, *Appellants,* v. TRUST COMPANY OF FLORIDA, as Trustee, *Appellee.*

Division A.

Opinion filed October 18, 1929.

Petition for re-hearing denied December 16, 1929.

*Friedman & Rosenhouse,* for Appellants;

*Redfern & Ferrell,* for Appellee.

BROWN, J.—This is an appeal from an order of the court below overruling a demurrer to a bill of complaint for the foreclosure of a mortgage or trust deed. The bill was filed by the trustee for the bond holders. The controlling question in the case is whether or not the holders of the bonds, secured by the trust deed or mortgage, should have been made parties. The bill shows that the defendants, appellants here, executed and delivered said trust deed or mortgage to the complainant as trustee for the purpose of securing 123 bonds, aggregating the sum of $57,500.00, all payable to bearer, as well as for the purpose of securing all lawful charges incurred in connection therewith, including court costs, attorney's fees and trustee's fees. The bonds contained a recital to the effect that they were secured by a trust deed or mortgage "dated this day, duly executed and delivered by the maker thereof to the Trust Company of Florida, as trustee, for the benefit of the holders of said bonds and coupons, and such trust deed or mortgage is hereby referred to and as to all of its

terms and provisions is made a part of this bond.'' The trust deed provided that if any defaults should be made in the payment of interest or principal of said bonds, or by failure to perform any of the requirements of said instrument, and such default should continue for 30 days, the principal of all said bonds together with accrued interest should be deemed due and payable at the option of the trustee or of the holders of a majority in amount of the bonds then outstanding. The trust deed also provided that in case of default as aforesaid the trustee should have the right to proceed to foreclose the trust deed in due form of law, or by any other lawful proceeding.

It thus appears that when the bondholders accepted the bonds they took them subject to the conditions of the trust deed and no further contract by them was necessary in order to give the trustee power to foreclose under the terms of the trust instrument.

Under these allegations it appears that the bondholders expressly authorized the trustee to foreclose the trust deed or mortgage upon default, and the court below was without error in holding that it was unnecessary for the numerous bondholders to be made parties to the cause. In Farmers' Loan & Trust Co. v. Lake St. El. R. Co. (Ill.), 51 N. E. 55, it was said:

"It is further contended on the part of the appellant that the court below erred in entering the decree appealed from without requiring all the bondholders to be made parties to the suit. We think that, under the circumstances of this case, this contention is without force. It is true, as a general rule, that all parties interested in the subject-matter of the suit should be made parties, and that, when foreclosure is sought of a mortgage or deed of trust, the *cestuis que trustent,* as well as the trustee, should be made parties,

but there are two well established exceptions to this rule: The first is that, where the absent parties are properly represented, it is sufficient to make such representatives parties to the suit. In Hale v. Hale, 146 Ill. 257, 33 N. E. 867, we said: "When it appears that a particular party though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him." Jones on Corporate Bonds and Mortgages (section 398) says: 'A trustee for bondholders represents their interests, and, when made a party to a suit affecting their interests, they are as much bound by the decree rendered in the suit as if they were individually made parties to the suit.' Another exception to the rule is that, where the beneficiaries are very numerous, so that the delay and expenses of bringing them in become oppressive and burdensome, they will not be deemed necessary parties, where the trustee or trustees representing them are made parties. In Land Co. v. Peck, 112 Ill. 408, we said (page 435): 'Objection is taken that there were other necessary parties not made parties to the several bills; that all the *cestuis que* trust, to wit, the bondholders under the Jewett trust deed, should have been made parties by name.' The general rule is that all persons interested in the subject matter of the suit are to be made parties, and that the *cestuis que* trust, as well as the trustee, should be made parties to a foreclosure proceeding; but there is an established exception to this rule where the beneficiaries are very numerous, and certain parties to the suit are entitled to be deemed their full representatives. It has been laid down by Lord Redesdale as a general rule, that, where any persons are made trustees for the payment

of debts and legacies they may sustain a suit, either as plaintiffs or as defendants, without bringing before the court the creditors or legatees for whom they are trustees, which in many cases would be impossible. Indeed, the impracticability of making the other persons parties would seem of itself a sufficient ground for dispensing with them. Story Eq. Pl. Sec. 150. In Van Vechten v. Terry, 2 Johns Ch. 197, where a demurrer was filed to a bill brought by trustees, without making the *cestuis que trustent* (two hundred and fifty in number) parties, Chancellor Kent, in overruling the demurrer, said: 'The trustees are sufficient for the purpose of this bill, which is for a sale of the pledged. It would be intolerably oppressive and burdensome to bring in all the *cestuis que trustent*. The delay and the expense of such a proceeding would be a reflection on the justice of the court. This is one of those cases in which the general rule cannot and need not be enforced, for the trustees sufficiently represent all the interests concerned. They were selected by the association for that purpose, and we need not look beyond them.' And see Shaw v. Railroad Co., 5 Gray 162, Story Eq. Pl. 142, 216, 217.''

See also Richter v. Jerome, 123 U. S. 233, 8 S. P. 106, 31 Law Ed. 137; 41 C. J. 882; 42 C. J. 45; 19 R. C. L. 272.

We find no reversable error in the record and the order overruling the general and special demurrer to the bill of complaint will therefore be affirmed.

Affirmed.

Terrell, C. J., and Ellis, J., concur.

Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.