FRED W. BROWN and DORA D. BROWN, his wife, H. THOMPSON WHALER, CHARLES N. CARR, and his wife, MRS. CHARLES N. CARR, ELWOOD B. CARR, and his wife MRS. ELWOOD B. CARR, *Appellants,* vs. MARION MORTGAGE COMPANY, a Florida Corporation, as Trustee, *Appellee,* THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., of London, England, *Petitioner.*

145 So. 413.

Opinion filed September 24, 1932.

Petition for rehearing denied November 21 1932.

728

*Patterson and Knight, S. V. M. Ray, John L. Neeley* and *Wallace F. Perry,* for Appellants;

*Redfearn and Ferrell,* for Appellee.

*Burdine, Terry and Fleming,* and *J. L. Coates,* for Petitioner.

MATHEWS, C.—This is a suit brought in the Circuit Court of Dade County, Florida, on February 8, 1929, by the appellee, Marion Mortgage Company, as Trustee, hereinafter referred to as the complainant, to foreclose a mortgage on certain real and personal property in Dade County, Florida, against the appellants, Fred W. Brown and Dora D. Brown, his wife, Charles N. Carr, and his wife, Mrs. Charles N. Carr, Elwood B. Carr and his wife, Mrs. Elwood B. Carr, and H. Thompson Whaler, Hereinafter Referred to as defendants.

The mortgage sought to be foreclosed was made by the defendants, Fred W. Brown and his wife, on March 15, 1922, to G. L. Miller Bond and Mortgage Company, as Trustee, to secure the payment of 282 bonds aggregating the principal sum of $115,000.00 and interest. Before the suit was brought the name of G. L. Miller Bond and Mortgage Company had been lawfully changed to Marion Mortgage Company, the complainant, and the property encumbered by the mortgage had been conveyed by the original mortgagors to the defendants Charles N. Carr and Elwood B. Carr, subject to the mortgage.

The bill prayed for foreclosure of the mortgage and also for the appointment of a Receiver. A decree pro confesso was entered against the defendant H. Thompson Whaler. A general Demurrer was filed by the other defendants but was overruled. They then answered and the cause was referred to a Master who found in favor of the Complainant. A final decree of foreclosure and sale was en-

tered on November 6, 1929, and the property was sold by the Master on January 6, 1930, to the complainant. This sale was confirmed on January 16, 1930.

On December 30, 1929, two of the defendants, Charles N. and Elwood B. Carr entered their appeal from the final decree of November 6, 1929, returnable to March 24, 1930, and on January 22, 1930, filed a supersedeas bond. The other defendants voluntarily appeared in this Court before the time for taking an appeal had expired.

Four errors are assigned by defendants, and will be discussed later.

While this appeal was pending the defendants Charles N. Carr and Elwood B. Carr filed in this Court on April 23, 1930, a motion to dismiss the complainant, Marion Mortgage Company, as Trustee, from this appeal, and to amend the record of the appeal by substituting in lieu of the name of Marion Mortgage Company, as Trustee the name of Wm. F. Parker, as Trustee. The grounds for this motion are set up therein and will be examined hereafter. The complainant filed its answer or response to this motion on April 28, 1930.

Thereafter on October 23, 1930, and before either this appeal or the motion to substitute party appellee had been disposed of, the complainant notified the defendants that on November 1, 1930, it would apply to one of the Judges of the Circuit Court of Dade County, Florida, for an order appointing a Receiver of the mortgaged property. On November 1, 1930, a Receiver was appointed for said property by said Court, and on November 3, 1930, the defendants, Charles N. Carr and Elwood B. Carr, entered their appeal from said order appointing such Receiver, which appeal was returnable to the 19th day of January, 1931. The defendants furnished the required supersedeas bond and on the 10th day of February, 1931, filed their assignments of error which will also be discussed hereafter.

While all three of the above matters were pending The Employers' Liability Assurance Corporation Ltd., of London, England, filed in this Court on March 10, 1931, its petition alleging that on November 3, 1930, the Circuit Court of Dade County, Florida, entered an order providing that the appeal, taken from the aforesaid appointment on November 1, 1930, of a receiver of said mortgaged property, should operate as a supersedeas upon defendants filing therein a bond in the amount of $10,000.00 conditioned as required in said orded; that thereupon said corporation entered into said bond as surety for defendants Elwood B. and Charles N. Carr; that the execution of said bond by said corporation was procured by fraud; and said corporation prayed that said bond be cancelled and it be released from all liability thereon.

The complainant having filed its answer to this petition, by order of this Court the petition was referred to either one of the Circuit Judges of the Eleventh Judicial Circuit with request that such Circuit Judge consider the petition and report to this Court his recommendations in the premises. On April 20, 1931, Hon. Uly O. Thompson, one of the Judges of said Circuit Court, filed here a voluminous transcript of testimony taken by, and evidence filed with, him, and also his findings and recommendations on said petition. Later on July 20, 1931, he filed his amended findings and recommendations. No order has yet been made on this petition.

From the above statement it will be seen that the case is before this Court in four separate phases. First, on the errors assigned in the original appeal; second, on the motion to substitute a party appellee in this Court; third, on the errors assigned in the appeal from the order appointing a Receiver; and fourth, on the petition of the Assurance Corporation. These matters will be disposed of in the order named.

The errors assigned on the original appeal are as follows:

First assignment. The Lower Court erred in overruling the general demurrer of these defendants to the Bill of Complaint.

Second assignment. The Lower Court errer in overruling the objection of these defendants to the filing in evidence of the mortgage bonds offered and filed before the Master by the complainant, and in denying the motion of these defendants to exclude the said bonds from evidence.

Third assignment. The Lower Court erred in overruling the exceptions of these defendants to the Master's report.

Fourth assignment. The Lower Court erred in making and entering the final decree against these defendants.

According to the terms of the mortgage certain of the bonds secured thereby were payable on the 15th day of March, 1924, and certain of said bonds were payable on the 15th day of March of each year thereafter until the 15th day of March, 1932, when all of said bonds should have been paid. Said mortgage provided that if default should be made in the payment of interest as it became due on the bonds or in the payment of the principal of the the bonds, or any of them, at maturity, or if the mortgagor should fail faithfully to perform and observe any and all of the requirements made of him by the mortgage, and such default should continue for thirty days, then and thereupon the principal of all of said bonds, together with the accrued and unpaid interest thereon, should be deemed due and payable.

The bonds themselves provide as follows:

"Said series of bonds is secured by a trust deed or mortgage, duly executed and delivered by the maker hereof to G. L. Miller Bond & Mortgage Company, as Trustee, for the benefit of the holders of said bonds and coupons, dated this day, and such trust deed or mortgage is hereby re-

ferred to and as to all of its terms and provisions is hereby made a part of this bond.

"One of the conditions of said trust deed or mortgage and of this bond is that if default shall be made in the payment of any of said interest coupons or in the payment of the principal hereof, or in the payment of any of the bonds, principal and interest, secured by said trust deed or mortgage, when they respectively mature, or if default shall be made in the performance of any covenant of said trust deed or mortgage and any such default shall continue for a period of thirty (30) days, then the principal of this and all the other bonds secured by such trust deed or mortgage shall, at the option of the holder or holders of a majority in amount thereof then outstanding, become forthwith due and payable."

The bonds further provide that they are "to be received and held subject to all and singular the terms, provisions and conditions contained in said trust deed or mortgage hereinbefore referred to."

The seventeenth paragraph of the mortgage provides that to assure the prompt payment of the bonds maturing in each of the years 1924 to 1931, the mortgagor agrees to deposit with the Trustee one-twelfth of the aggregate amount payable in each of said years, monthly in advance in cash, beginning with the 15th day of March in the year previous to the maturity of the bonds so to be retired, to be applied in the retirement of the bonds maturing that year; and in order to accumulate a fund sufficient to insure the prompt semi-annual payment of interest on all of said bonds as they mature, the mortgagor agrees to deposit with the Trustee one-twelfth of the amount of interest which shall accumulate in each year on all of the bonds at the time outstanding, monthly in advance in cash, beginning with the 15th day of March, 1922, to be applied semi-an-

nually in the payment of the interest coupons on said bonds.

The bill of complaint alleges that on December 15, 1928, there was a default in the payment of the accumulated semi-annual interest agreed to be paid on said bonds in the amount of $3420.00, and also a default in the payment of accumulated principal amounting to $3750.00, and unpaid insurance premiums amounting to $418.44, and that all of said defaults had continued for more than thirty days prior to the filing of said Bill, and that by reason of said defaults complainant has declared all of said indebtedness to be due and payable and has elected to foreclose said mortgage, under which there was then due for principal on said bonds the sum of $83,000.00, there having been paid on said bonds the sum of $32,000.00.

The defendants insist, under the fourth assignment of error, that there are two errors in the Final Decree, which should be corrected. The first of these errors, they claim, arises from a mistake in their favor in calculating interest and the second from Ambiguity of the provision for solicitors' fees. But we consider that both of these apparent errors are harmless and immaterial.

Aside from the above mentioned two errors claimed under the fourth assignment the solicitors for the parties appear to have treated all the assignments of error as if they presented one main proposition of law, namely, was the mortgage debt due when the Bill was filed. The defendants claim that in spite of the fact that there were defaults in the payment of interest and principal and insurance premiums and in spite of the provision of the mortgage above quoted as to the acceleration of maturity upon a default, yet the provision of the bonds, that upon default maturity may be accelerated at the option of the holders of a majority in amount of the outstanding bonds, should alone govern and that no election by the holders of a majority in amount

of such bonds was alleged or proved, and that therefore, the suit was prematurely brought and should be dismissed. This contention cannot be sustained. In the first place it is clear that holders of more than a majority in amount of the outstanding bonds had agreed on the acceleration since the Trustee had in his possession and filed in evidence more than a majority in amount of such bonds.

In the second place a copy of the bond is incorporated in and made a part of the mortgage and the mortgage is expressly made a part of the bond, so that each of the instruments contains both of the provisions as to acceleration of maturity. The bond and the mortgage are in fact simply parts of one and the same transaction. The mortgage provides that upon thirty days' default the whole mortgage debt and interest shall be deemed due and payable. The bonds provide that upon thirty days default the whole mortgage debt and interest shall, at the option of the holders of a majority in amount of the bonds outstanding, become due and payable. These provisions, though different, are not inconsistent, and there is no good or legal reason why the defaulting mortgagors, who agreed to both of them, can object to, or be injured by, the enforcement of either. The mortgage, after giving the Trustee certain powers in case of default, also provides, paragraph seven, that the rights conferred on the Trustee are cumulative and that nothing contained therein shall be deemed to deny him, in case of default, the right to proceed to foreclose the mortgage. It is clear that the effect of this and of the two provisions as to acceleration is that on thirty days default the maturity may be accelerated and the mortgage foreclosed either by the election of a majority in amount of the bondholders, or by the election of the Trustee acting for all the bondholders. Winer vs. Trust Company of Florida, 98 Fla. 726, 124 So. 35.

It is also contended by the defendants that since the pro-

vision in the bonds making the mortgage a part of the bonds renders the bonds non-negotiable and since negotiability is a most desirable attribute of a bond a Court of Equity should disregard and virtually cancel and refuse to enforce the provision destroying negotiability. Negotiability in bonds may or may not be a desirable quality but Courts will certainly not concern themselves with determining this. They are concerned with preserving and not interfering with the right of freedom to contract so long as the object of the contract is lawful and not in contravention of public policy.

Defendants also claim there was error in confirming the action of the master in allowing the Trustee to sign at the hearing the formal certificate validating a few of the bonds which were introduced in evidence and which had not previously been so authenticated. We find no merit in this claim as the validity of the mortgage debt, of which the bonds were but evidence, is undisputed. Atwood vs. Shenandoah Valley R. R. Co., 85 Va. 966, 9 S. E. 748.

It is further argued that the admitted default in the monthly advance payments to the Trustee, which are required by the seventeenth paragraph of the mortgage to insure prompt payment of the bonds and interest, is not such a default as it was contemplated could effect an acceleration of the maturity of all of the bonds. We fail to see any basis for this argument in view of the plain language of the mortgage that if the mortgagor shall "fail faithfully to perform and observe all and any of the requirements made of him by this instrument" and such default continues thirty days, then the principal of all of said bonds" together with interest, "shall be deemed due and payable."

The grounds of the motion to dismiss and to substitute a party appellee in this court are that on April 4, 1930, a judgment of ouster was entered by the Circuit Court of

Dade County, Florida, in the suit of State of Florida ex rel. Fred H. Davis, Attorney General, vs. Marion Mortgage Company, Case No. 11887, wherein it was adjudged that the provision in the Charter of said Marion Mortgage Company giving it full power and lawful authority to act as Trustee in deeds of trust or mortgages on real estate or personal property, was not legally authorized and was not lawfully included in said Charter, and wherein said Court adjudged the same to be null, void, inoperative and of no effect; that said judgment of ouster adjudged said Marion Mortgage Company to be incapable of being trustee under mortgages executed to it as trustee substantially in the form and manner as provided in the mortgage involved in said Case No. 11887, and ousted said Marion Mortgage Company as such Trustee; that the mortgage involved in this appeal is substantially in form and manner the same as the mortgage involved in said case No. 11887; that by virtue of said judgment of ouster the complainant Marion Mortgage Company became incapable of acting as trustee under the mortgage involved in this appeal; and said motion sets up facts intended and alleged to show that said Wm. F. Parker had then been selected and named in the manner provided in said mortgage as trustee to fill the vacancy in that office caused by the incapacity of the Marion Mortgage Company to act.

The motion is simply an attempt by defendants to establish that complainant was not authorized by its charter or by law to act as trustee and that all of its acts as such were ultra vires and void, and to substitute as party appellee here one Parker whom it is claimed was selected as trustee, in the manner provided in such case by the mortgage, to fill the vacancy caused by the alleged incapacity of the complainant to act. It is alleged that this incapacity was established by the judgment of ouster in the case mentioned above, No. 11887. The capacity of the complainant

to act as trustee can not be attacked collaterally, as is sought by defendants here, but can only be questioned in a proceeding brought by the State directly for that purpose. Admitting that complainant in assuming and exercising the functions of trustee under the mortgage was acting ultra vires, the other parties to the transaction, defendants in this suit, having received benefits and acted under the mortgage, are estopped to rely on the ultra vires character of the complainant's acts to prevent the enforcement by it of the mortgage. The Southern Life Ins. & Trust Co. vs. Lanier, 5 Fla. 110 at 165; Hitchcolk vs. Mortgage Securities Corporation, 95 Fla. 147, 116 So. 244.

Before the judgment of ouster, on which defendants rely, was rendered in said Case No. 11887, the final decree in this case had been entered, the sale of the mortgaged property had been made to complainant and confirmed and the appeal had been entered and returned to this Court. The foreclosure had in fact been fully completed and no decree for deficiency could then, or now, be obtained against any of the defendants.

In view of these facts it does not appear what advantage could be gained for the defendants or any one else by the requested substitution. Nor does it appear how the defendants have been harmed because the foreclosure has been maintained by the complainant as trustee.

It is a universal principle of law that where an ultra vires contract has been fully executed by both parties the law will not interfere, at the instance of either party, to undo what was originally unlawful, and to the doing of which, so long as the contract to that end remained executory, neither party could have coerced the other. First National Bank of Xenia vs. Stewart, 107 U. S. 676, 27 Law Ed. 592; Long vs. Georgia Pacific Railway Company, 91 Ala. 519, 24 American State Reports 931, 8 So. 706.

The appointment of a Receiver of the mortgaged property

was prayed for in the original Bill, and application was made to the Lower Court which entered an order denying the application on condition that defendants pay monthly to complainant so much of the net income of the property as would be necessary to pay taxes and insurance premiums thereon, which condition the defendants apparently failed to perform. Thereupon complainant renewed its application for a receiver and the defendants filed a motion in this Court in the nature of a suggestion for a writ of prohibition to prohibit the chancellor from entertaining the application. In denying this writ we held that on a proper showing the chancellor should grant the application. Carr vs. Marion Mortgage Co. 128 So. 12, 99 Fla. 540.

On November 1, 1930, a receiver was appointed and on November 3, 1930, the defendants Charles N. and Elwood B. Carr entered their appeal to this Court from the order appointing such receiver and thereafter furnished the required supersedeas bond. Several errors are assigned but defendants appear to have abandoned all but two, which are substantially as follows: First, it is claimed the Court erred in appointing a Receiver for the reason that the Court was cognizant of the rendering in the Circuit Court of Dade County in Case No. 11887 on April 4, 1930, a date previous to the appointment of the receiver, of a judgment of ouster in the case of State ex rel. Fred H. Davis, Attorney General, vs. Marion Mortgage Company, the same and identical company appellee herein. Wherefore it is claimed said company had no authority "to act as trustee in contravention of the organic and statutory laws of the State of Florida, and that its actions in bringing the foreclosure suit as Trustee and in applying for receiver as Trustee were spurious, null and void."

The second error contended for is that the Court erred in appointing a Receiver after the entry of the Final Decree and during the pendency of the appeal on the merits,

by which appeal the Final Decree and the sale of the property had been superseded and good and sufficient supersedeas bond had been furnished.

We think what has been said above in regard to ultra vires acts in discussing the motion to substitute party appellee applies to and fully answers the first assignment of error.

In regard to the second assignment, we have already held in another phase of this controversy that an appeal with supersedeas does not suspend the power of the Lower Court to appoint a receiver in a case where it is necessary for the preservation of the funds or property involved in the suit pending the appeal. Carr vs. Marion Mortgage Company, 99 Fla. 540, 128 So. 12.

In its petition The Employers' Liability Assurance Corporation Ltd., of London, England, claims that it was induced to execute the supersedeas bond on the appeal from the order appointing a Receiver through fraud practiced on it by, or in behalf of, the principals in said bond, and on that account it seeks to be released from liability on the bond. The findings of Judge Thompson, to whom this matter was referred, fully sustained the contentions of the Assurance Corporation as to the fraud practised on it, and it is, therefore, entitled to avoid the bond, except as against the rights of innocent third parties. There is no claim that the complainant, obligee in the bond, was a party to, or was in any way bound, by the fraud and, therefore, its rights under the bond cannot be defeated. However, the complainant has agreed in the record to release the Assurance Corporation from all liability on the bond except such as has accrued from the date of the bond, November 5, 1930, to the date this Court enters an order on said petition. This agreement appears to be fair and just and evidently in consideration of this, and the facts and the unquestioned principles of the law involved, Judge

Thompson recommended that the petition be granted except as to the liability which has now already accrued to the complainant.

Our conclusion is that both the final Decree of November 6, 1929, and the Order Appointing the Receiver made on November 1, 1930, should be and they are hereby affirmed; that the Motion filed in this Court on April 23, 1930, to dismiss the complainant, as Trustee, from the appeal and to amend the record by substituting as appellee Wm. F. Parker, as Trustee, be and the same is hereby denied; and that The Employers' Liability Assurance Corporation Ltd., of London, England, be and the same is hereby released and relieved of any and all liability under and by virtue of the supersedeas bond for $10,000.00 executed by it on November 5, 1930, as Surety for Charles N. and Elwood B. Carr on the appeal from the order made by the Circuit Court of Dade County, Florida, on November 1, 1930, appointing a receiver of the property involved in this suit, except such liability as has accrued to the obligee in said bond, Marion Mortgage Company, as Trustee, the complainant, to the date this opinion is filed in this Court.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the court as its opinion, it is considered, ordered, and adjudged by the court that both the Final Decree of November 6, 1929, and the Order Appointing the Receiver made on November 1, 1930, should be and they are hereby affirmed; that the Motion filed in this Court on April 23, 1930, to dismiss the complainant, as Trustee, from the appeal and to amend the record by substituting as appellee Wm. F. Parker, as Trustee, be and the same is hereby denied; and that The Employers' Liability Assurance Corporation Ltd., of London, England, be and the same is hereby released and

relieved of any and all liability under and by virtue of the supersedeas bond for $10,000.00 executed by it on November 5, 1930, as Surety for Charles N. and Elwood B. Carr on the appeal from the order made by the Circuit Court of Dade County, Florida, on November 1, 1930, appointing a receiver of the property involved in this suit, except such liability as has accrued to the obligee in said bond, Marion Mortgage Company, as Trustee, the complainant, to the date this opinion is filed in this Court.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.