DREW, Justice.
This controversy arises out of a ten year lease dated June 19, 1950, containing the following clause:
“The lessee shall keep in good and safe condition and good repair as they are now in during the continuation of this lease agreement, the docks, buildings, tracks, carriages, the lift and its machinery, truck pile driver, hydraulic drédge and its appurtenances, such as pipes and pontoons, and any other and all other leased equipment. It is understood that new stringers will be placed under transfer track rails from proceeds of sale of bonds.” (Emphasis added).
On September 6, 1952, appellant, lessor, notified the appellee, lessee, that the docks and pile driver were not then in as good condition as they were June 18 [sic] 1950, and that lessor had elected to terminate said lease unless the lessee repaired said dock and pile driver within the time and as provided for in another clause of the lease. The lessee took issue with the lessor on the matter, insisting that the docks and pile driver were in better condition than they were on the date of the lease.
Following an exchange of views, lessor instituted a suit for a declaratory decree against the lessee seeking an adjudication of whether or not the lessee was in default with respect to the dock and pile driver and if it was, whether lessor had a right to terminate the lease. Further relief ancillary to the principal relief was sought.
The learned Chancellor below personally heard all of the extensive evidence, which consists of more than 400 pages of the record, and had before him all of the numerous *900 exhibits. During the proceedings and pursuant to stipulation of the parties he visited the scene of the boat yard and made a personal inspection of the premises. Because of. the final decree is concise and, we think, correctly decides the litigation, we quote it herewith:
“The defendant has moved for a summary final decree. There is nothing summary about the proceedings. The testimony which was taken before -the Court, is voluminous and the inquiry has been exhaustive. ,By stipulation of counsel and in their presence, I examined -the docks arid pile driver at the boatyard.
“The bill seeks to. terminate ■ the lease (for 10 years with an option to buy) on, the ground that the defendant lessee breached the covenant to ‘keep in. good and.safe condition and good repair as they are now in * * the docks * * * pile driver *; *
“This awkward language1 is the'result, apparently, of the'insertion of the words ‘as they are now in’ after the lease was-typed: The standard. performance;, required of the. lessee is rel.ative and not. absolute. It is not.suffi-dent for the.lessor to know, as it has, .that, a considerable number ,of .dock piles, need -replacing. -The lessor must, show the -deterioration, based, on the condition.in June 1950,., 'On this point,. the evidence is in great conflict. There is credible testimony that the docks are in as good condition now .(or rather when this bill was filed) as when the lease was executed, taking into account considerable new superstructure replaced by the lessee’: Unquestionable the piling is in a worse condition, but the docks 'as a whole are not bad enough for the boat customers of the defendant to take 'their business elsewhere, nor do I think that the plaintiff’s reversionary interest had been jeopard-ised. .
“Doubtless a- point can be reached when the failure to replace the piling constitutes a breach of covenant so seri- ■ ous as to warrant a forfeiture, but I -do not think- it -had when the suit was filed (or the case heard). The-question of the piling must be considered in relation to the whole property and its ability to perform its proper function as'a boatyard. There is a very great deal to the leased property beside the docks and the boatyard is properly functioning.
“It is Ordered, Adjudged and Decreed that the Bill of Complaint be dismissed with prejudice at the cost of the plaintiff.”
It is quite clear that a determination of the factual question, viz.: Whether the docks were in as good condition on September 6, 1952, as they were on June 19, 1950, was largely determinative of the whole "litigation.' The lower court determined this fact adversely to the contention of the-.lessor. In ■ this -connection, we agree with, the Circuit Judge, that the standard of maintenance-of'the docks and other equipment is, relative in its very nature— depreciation is a gradual and imperceptible process. The effect of: the lower court’s ruling was that the dock (and inferentially the pile driver) was in substantially as good condition'as ifwas ’bii the 'day'the lease was executed. Our examination of the re.cord. discloses substantial, competent evidence to. support its conclusions in this re-spe.cb* Under such circumstances,' our duty to. affirm the Chancellor is clear. See Thompson v. Field, Fla., 1951, 54 So.2d 520, and the many authorities there cited.
Having determined. the factual question adverse to the contention of the lessor, it becomes unnecessary to decide the question raised in this appeal as to whether a forfeiture of the lease would result from a failure to perform this covenant of the lease.
The decree appealed from is hereby affirmed.
THOMAS, Acting C. J., and HOBSON and BARNS, JJ., concur.