82 So.2d 736 (1955)
Joseph H. ST. MARTIN, and Josephine A. St. Martin, his wife, Appellants,
v.
Irene U. McGee, a widow, and Lena Krossner, a single woman, Appellees.
Supreme Court of Florida. Special Division A.
October 5, 1955.
Rehearing Denied October 31, 1955.
*737 Hal H. McCaghren, West Palm Beach, for appellants.
Robert Grafton, West Palm Beach, for appellee.
DREW, Chief Justice.
This is an appeal from a final decree dismissing complaint to foreclose a purchase money mortgage and taxing the costs against the plaintiff. The pertinent portions of the decree appealed from are as follows:
"The mortgage involved here is a `purchase money mortgage'. It was given May 10, 1954. Suit to foreclose the mortgage was filed December 20, 1954. The sole ground for foreclosure is that the mortgagors breached the covenant `to keep the building on said land in proper repair'. It has not been shown that the security has been impaired in the least. On the contrary, it would seem that because of certain improvements made by the mortgagors, the security has been enhanced. Under the circumstances, it is the view of the Court that it would be unjust and inequitable to order a foreclosure of this mortgage because of conditions as they existed on the date of filing the bill of complaint, viz., December 20, 1954."
Sunny Isles Boat Works, Inc., v. North Miami Beach Yacht Basin and Boat Repair Works, Inc., Fla., 70 So.2d 899, was a declaratory decree action seeking to terminate a long term lease because of the failure of the lessee to "`keep in good and safe condition and good repair as they are now in during the continuation of this lease agreement'" certain docks, buildings, tracks, carriages, etc., used for the docking, storage and repair of boats. The pivotal point in that case was whether or not the lessee had allowed the docks to deteriorate to such an extent that it would constitute a breach of a condition of the lease and thereby entitle the lessor to cancel it. This case, while involving a mortgage containing a covenant to be performed by the mortgagor "to keep the buildings on said land in proper repair", raises the same essential and basic questions as that in the Sunny Isles Boat Works case, supra. We approved in the last mentioned case a decree of the chancellor below dismissing the bill of complaint with prejudice at the cost of the lessor in which, among other things, the chancellor below said:
"`Doubtless a point can be reached when the failure to replace the piling constitutes a breach of covenant so serious as to warrant a forfeiture, but I do not think it had when the suit was filed (or the case heard). The question of the piling must be considered in relation to the whole property and its ability to perform its proper function as a boatyard. There is a very great deal to the leased property beside the docks and the boatyard is properly functioning.'"
In our examination of the record in this case, we find substantial evidence to support the findings of fact of the chancellor and we hold that he applied the correct principle of law to these facts.
The decree appealed from is affirmed.
TERRELL, THOMAS and ROBERTS, JJ., concur.