305 So.2d 89 (1974)
Ray E. STOCKMAN and Shirley Stockman, Appellants,
v.
George T. BURKE and Jean E. Burke, Appellees.
No. 74-226.
District Court of Appeal of Florida, Second District.
December 11, 1974.
Rehearing Denied January 14, 1975.
Jack S. Carey, Carey & Harrison, St. Petersburg, for appellants.
John A. Nelson, Nelson, Beckett, Nelson & Thomas, St. Petersburg, for appellees.
*90 GRIMES, Judge.
This is an appeal from a judgment entered upon a promissory note against the defendants/appellants. The note was secured by a purchase money mortgage which contained an acceleration clause in the event the property covered by the mortgage was sold by the appellants. When the appellants sold the property without paying off the note, the mortgagees elected to accelerate and brought suit on the note for the full amount of the remaining unpaid principal and accrued interest.
The point posed by this appeal is whether a promissory note not otherwise in default which is secured by a mortgage containing an acceleration clause conditioned upon the sale of the mortgaged property can be accelerated when the property is sold.
At the outset, the parties agree that the terms of the mortgage became part of the terms of the note where, as here, the two were executed contemporaneously and the instruments referred to each other. Webster v. 759 Riverside Avenue, 1933, 113 Fla. 8, 151 So. 276; Brown v. Marion Mortg. Co., 1932, 107 Fla. 727, 145 So. 413; Grier v. M.H.C. Realty Corporation, Fla.App.4th, 1973, 274 So.2d 21. Acknowledging that St. Martin v. McGee, Fla. 1955, 82 So.2d 736, and Schechtman v. Grobbel, Fla.App.2d, 1969, 226 So.2d 1, did not involve acceleration clauses, the appellants cite these cases for the proposition that mortgages should not be foreclosed for "technical" defaults. However, both of these cases were mortgage foreclosures which involved the application of equitable principles.
The closest Florida case in point is Clark v. Lachenmeier, Fla.App.2d, 1970, 237 So.2d 583, in which this court held that a mortgagee was not entitled to foreclose merely because of the noncompliance with a mortgage provision requiring consent of the mortgagee before the mortgagor could sell the property to a third party where it was shown that the mortgagee suffered no harm by reason of the conveyance. Yet that, too, was a mortgage foreclosure, and the court specifically observed that the clause in dispute did not, by its terms, accelerate maturity of the whole debt if the property was sold.
In this suit at law upon a promissory note, there was no more reason for the court to nullify the provision for payment upon resale of the property than there would have been to otherwise vary the time of payment which was agreed upon by the parties. The trial judge was correct in refusing to do so. We leave open until another day the question of whether a mortgage with a similar provision can be accelerated and foreclosed upon the sale of the property without a showing that the mortgagee has been prejudiced by reason of the conveyance to the new owner.
Affirmed.
McNULTY, C.J., and BOARDMAN, J., concur.