## THE HEMISPHERES CONDOMINIUM ASSOCIATION, INC., etc. v LEVIN, et al.

### Case No. 86-11627 CK

Seventeenth Judicial Circuit, Broward County

January 23, 1989

### APPEARANCES OF COUNSEL

**Jeffrey E. Streitfeld,** Becker, Poliakoff & Streitfeld, P.A., for plaintiffs.

**Donald P. Levin,** for defendants LEVIN.

**Arnold L. Lieberman,** for Carol J. Levin, pro se.

### OPINION OF THE COURT

JOHN T. LUZZO, Circuit Judge.

### *PARTIAL SUMMARY JUDGMENT*

THIS CAUSE is before the Court on Motions for Summary Judgment filed by all parties, as follows:

1. Plaintiff's Motion for Summary Judgment, dated April 18, 1988;

2. Plaintiff's Memorandum of Law on the Issues Raised by the Cross-Motions for Summary Judgment, dated August 15, 1988;

3. Plaintiff's Memorandum and Reply to LIEBERMAN's Summary Judgment Memorandum, dated September 30, 1988;

4. Joint Motion of Defendants JACK LEVIN, DENNIS P. LEVIN, RICHARD LEVIN, and SUSAN J. LEVIN, in the Alternative for Summary Judgment, dated November 6, 1987 (this motion was subsequently joined in by Defendants STANLEY A. BOGOFF and BRENDA BOGOFF, his wife, and DONALD KRONER and CAROL KRONER, his wife;

5. A Supplement to Defendants LEVIN, BOGOFF and KRONER's Motion for Summary Judgment, dated July 29, 1988;

6. Defendants LIEBERMAN's Motion for Summary Judgment, dated April 27, 1988; and

7. Defendants LIEBERMAN's Memorandum in Support of their Motion for Summary Judgment, dated September 7, 1988.

The issues to be determined by the Court are raised in the following pleadings at issue:

1. Fourth Amended Complaint, dated June 29, 1987;

2. Answer, Affirmative Defenses and Counterclaim of Defendants LIEBERMAN, dated February 22, 1988;

3. Amended Joint Answer and Affirmative Defenses of Defendants LEVIN, et al., dated March 28, 1988;

4. Plaintiff's Reply to Defendant LIEBERMANS' Affirmative Defenses, dated March 14, 1988;

5. Plaintiff's Reply to Affirmative Defenses of Defendants LEVIN, KRONER and BOGOFF, dated March 14, 1988; and

6. Plaintiff's Reply to Amended Affirmative Defenses of Defendants LEVIN, BOGOFF and KRONER, dated April 18, 1988.

Approximately two hours of oral argument was conducted on August 15, 1988. Also heard at that time were certain motions filed by the Plaintiff seeking discovery with regard to the ownership of the boat alleged to be owned by Defendant JACK LEVIN. At the hearing, DENNIS J. LEVIN, ESQ., representing the Defendants LEVIN, represented to the Court, as an officer of the Court, that the subject boat was owned by CAROL J. LEVIN. As a result, upon motion and order, JACK LEVIN was dropped as a Defendant and added, in his place as a Defendant, was CAROL J. LEVIN.

The following proofs have been submitted by the parties in support of their motions:

1. Admissions contained in the Answers filed by the Defendants to the Fourth Amended Complaint;

2. Depositions taken of the Defendants JACK LEVIN, DONALD KRONER, STANLEY A. BOGOFF, and ISADORE LIEBERMAN, June 24, 1988;

3. Affidavit of Stanley E. Kessler (then-President of THE HEMISPHERES), dated and served March 17, 1988;

4. Affidavit of Mark Braun (Manager of THE HEMISPHERES), dated March 3, 1988, served March 4, 1988;

5. Affidavits of Dennis P. Levin, Richard L. Levin, and Susan J. Levin, dated November 6, 1987, attached to Joint Motion of Defendants Jack Levin, et al., Alternative Motion for Summary Judgment of November, 1987;

6. Affidavits of Donald and Carol Kroner, dated November 20, 1987; and

7. Affidavit of Isadore Lieberman, dated April 27, 1988.

Multiple issues of fact and law are raised by the Motions for Summary Judgment. It appears clear to the Court that the issues regarding liability may properly be resolved by summary judgment at this time, as there are no genuine issues of material fact, and judgment may be entered as a matter of law. It is also clear to the Court that the damages issues require a trial on the merits, because questions of fact remain. Therefore, this Partial Summary Judgment is entered in accordance with the provisions of Rule 1.510(a) and (d), Florida Rules of Civil Procedure, disposing of certain issues of law and fact, while providing that other issues of law and fact remain for trial.

## A. *Findings of Fact*

The Court finds that the following material facts are uncontroverted, and are sufficient to establish the entry of summary judgment at this time.

THE HEMISPHERES is the Condominium Association formed to operate a 1308 unit condominium of the same name, located on State Road A1A in Hallandale, Florida. Created in the early 1970's, the condominium structure included, as an exhibit to the Declaration of Condominium, a long-term lease, entitled Club Lease, between the Association and the developer for recreational facilities, including a yacht club and marina facilities.

3

In the Summer of 1980, THE HEMISPHERES CONDOMINIUM ASSOCIATION, INC., entered into an agreement with THE HEMISPHERES DEVELOPMENT CORPORATION, that provided for, in part, the acquisition of the Club Lease, and the property leased pursuant to the Lease, which property includes the yacht club and boat docks that are involved in this case.

On September 8, 1980, the membership of THE HEMISPHERES approved the agreement, and authorized the Association to close the transaction contemplated by the contract. Of 1308 units, 1108 voted. 994 (75.99%) voted "yes," 114 (8.72%) voted "no," and 71 abstained. This was more than the 66-⅔% then required by the Florida Condominium Act, § 718.111(12), Florida Statutes.

Each of the Defendants was involved with THE HEMISPHERES in 1980 at the time of the rec lease buyout. The LIEBERMANS were unit owners, and voted "no." However they paid their assessment, and took no action to in any way contest the transaction.

The LEVIN family was in residence. They paid their assessment. They took no action to challenge the transaction.

The KRONERS were also unit owners in residence. They too thought the price was too high, but do not recall whether they voted. They paid the assessment, without taking action to contest the transaction.

The BOGOFFS were in residence, but did not own a unit. Mr. Bogoff held the proxy for the unit then owned by his mother-in-law. He testified in deposition that he voted "no." However, the assessment was paid, and no action was taken to contest the transaction.

On or about October 31, 1980, a Special Warranty Deed was delivered and recorded, conveying the Lease and leasehold property, including the yacht club and boat docks, to the Association. The funds necessary to acquire the property was assessed as a matter of common expense, and paid by all units.

On or about September 12, 1982, amendments to Sections 2.05 and 2.08, and Article XIV of the Declaration of Condominium for THE HEMISPHERES were approved by the membership, clarifying the ownership by the Association of the subject property. These amendments further clarified the right of the Association to operate, maintain, and assess, with respect to the subject property.

Regardless of whether the property was leased property prior to the acquisition, or Association-owned property subsequent to the above-described transaction, the Condominium Association always adopted

4

rules and regulations with regard to the use of the recreational facilities, including the yacht club and boat docks.

The Association has no knowledge of, nor does a search of the Condominium Association records reveal that, any of the Defendants, at any time, objected to: the 1980 contract, the membership vote approving same, the closing of the transaction, the subsequent amendments to the Declaration of Condominium as above described, the authority of the Association to adopt rules and regulations with regard to the use of the subject property, or the manner and method by which the Association assessed for all expenses relating to the subject property as a matter of common expense, until the current dispute between the Condominium Association and the Defendants over the right to charge rent, or the amount of rent that should be charged, by the Association as against all users of THE HEMISPHERES boat docks.

On or about March 9, 1981, Amendments to the Declaration of Condominium, Articles of Incorporation, and By-Laws, of THE HEMISPHERES CONDOMINIUM ASSOCIATION, INC., were recorded amongst the Public Records of Broward County, Florida, reducing the requirements needed to amend the Declaration of Condominium, as follows: (1) the quorum requirement was reduced to 405; (2) the vote needed to amend was reduced to a majority vote of the unit owners present at a duly-called meeting at which a quorum was present.

An inspection of the records for the Condominium Association reflects that none of the Defendants objected to this amendment until the Fall of 1986, when an amendment to the Declaration of Condominium was proposed affecting the subject dispute between the parties over the right of the Association to charge a use fee regarding the marina facilities. A search of the Association's records reflects that other document provisions were amended utilizing the March 1981 amendment, without objection as to any of the Defendants in this case.

Prior to 1980, the marina was operated by the Association. The Association charged fees for the use of the docks. These fees were paid. Once the Association purchased the property in 1980, they suspended the requirement that a charge be paid for the use of the docks. The fees were again charged and paid at the rate of $.50 per lineal foot for a period of years commencing approximately 1982 or 1983, until 1986.

Beginning early 1986, the Association sought to increase the per foot lineal charge by $.50, and required that each user of a space sign a lease with the Association. Disputes arose between the parties, resulting in the filing of suit by THE HEMISPHERES against multiple Defen-

5

dants regarding 14 boats that were docking without paying the rental fees and without the execution of leases.

Settlements have been reached with regard to all Defendants as to 10 of the 14 boats. Dismissal have been filed as to all those that have settled.

On or about November 18, 1986, the above-referenced Amendment to the Declaration of Condominium for THE HEMISPHERES, was approved by a majority vote of unit owners present at a duly called meeting in person or by proxy at which a quorum was present. The Amendment was recorded on or about December 9, 1986, and provides as follows:

ARTICLE X *ASSESSMENTS*

10.06 The Association may charge a use fee against any unit owner utilizing the Marina facilities, at a reasonable rate to be determined by the Board of Directors. Such fee shall be secured by a lien collectible in the same manner as any assessment imposed by the Association.

LIEBERMAN removed his boat in late summer of 1986. KRONER removed his in the fall of 1987. The LEVIN and BOGOFF boats are still tied at THE HEMISPHERES marina.

## B. *Conclusions of Law*

Based upon these uncontroverted facts, the Court reaches the following conclusions of law with respect to the following issues raised:

1. The Defendants, by accepting the benefits resulting from the 1980 purchase by the Association of the recreation lease, are estopped from repudiating the validity of the transaction. After having received and enjoyed the benefits of the transaction continuously since 1980, without having taken any action to repudiate or challenge the transaction, the Defendants cannot now be heard to complaint of the validity of same. *Head v Lane*, 495 So.2d 821 (Fla. 4th DCA 1986); § 607.021, Florida Statutes; *Brown v Marion Mortgage Co.*, 145 So. 413 (Fla. 1932); *Hitchcock v Mortgage Securities Corp.*, 116 So. 244 (Fla. 1928).

2. The defenses raised regarding the alleged invalidity of the 1980 recreation lease purchase are barred by the application of the doctrine of laches. The Defendants, with knowledge of the alleged transaction, have stood by for an unreasonable length of time without taking any steps to set the acts aside or otherwise interfere. During the intervening time, rights have been acquired by others. *Head v Lane, supra*; § 95.11(6), Florida Statutes.

6

3. The 1980 recreation lease purchase transaction was not outside the power of the Condominium Association, and was not invalid. Section 718.111(12), Florida Statutes, in effect at the time of the transaction, specifically authorized same. The prerequisites of the statute were met by the Association.

4. The 1980 recreation lease purchase transaction is not invalid for failure to obtain approval of 100% of the members of the Association. The Court specifically finds that the authority to acquire the leasehold is contained within § 718.111(12), Florida Statutes, and Article VII, Section 10, of the Articles of Incorporation of the Plaintiff Association.

5. The Court must next determine whether the charging of a fee for the use of THE HEMISPHERES' marina docks violates the relevant provisions of the Declaration of Condominium for THE HEMI-SPHERES and the Florida Condominium Act that specify that unit owners are to pay only their pro rata share of common expenses, and place limitations on the right to lease, or charge fees for the use of, common elements or association property.

While not necessary to decide this issue, the parties have disagreed on whether the subject marina and recreation area constitutes common elements, or association property. The Court finds and concludes that the property is association property as defined in the Florida Condominium Act, and as referenced in the relevant sections of the statute to be discussed below.

The Florida Condominium Act has been amended several times with regard to the right of an association to charge for the use of common elements or association property. The versions of the statute that are relevant to this case, are as follows:

The version of the statute in effect at the time the Association acquired the property in 1980 was § 718.111(6), which provided:

The Association has the power to make and collect assessments and to lease, maintain, repair, and replace the common elements.

In 1984, the statute was amended to read as follows:

(6) *Assessments.* The association has the power to make and collect assessments and to lease, maintain, repair, and replace the common elements; provided, however, the association shall not charge any fee against a unit owner for the use of common elements or association property unless such use is the subject of a lease between the association and the unit owner.

The Act was again amended, effective October 1, 1986, and § 718.111(4), now provides:

7

**(4)** *Assessments; Management of Common Elements.*

The Association has the power to make and collect assessments and to lease, maintain, repair, and replace the common elements; however, the association may not charge a use fee against a unit owner for the use of common elements or association property unless otherwise provided for in the declaration of condominium or by a majority vote of the association or unless the charges relate to expenses incurred by an owner having exclusive use of the common elements or association property.

It is clear that prior to the 1984 amendment the authority of the Association to lease common elements or condominium property was expressly provided for by statute. In answer to the 1984 amendment, the Association required that leases be entered into by persons seeking to make use of THE HEMISPHERES boat docks. It is that requirement, coupled with a request for an increase in rent, that initiated the disputes that caused this matter to before the Court at this time.

During the pendency of this litigation, the 1986 amendment to § 718.111(4), above, was adopted. In answer to that statutory amendment, the Association amended its Declaration of Condominium to specifically provide for the right of the Association to charge the subject fees.

The above statutes must be read together with § 718.115, which provides that the funds for the payment of common expenses shall be collected by assessments against unit owners in the proportions or percentages provided in the declaration. It is clear that the Legislature did not intend that, by setting forth how common expenses are to be collected, this would preclude an association from leasing common elements, nor would it prevent the association from charging for those expenses where they are provided for in § 718.111(6), now renumbered § 718.111(4).

Accordingly, the Court finds and concludes that, effective December 9, 1986 (the date the Amendment to the Declaration of Condominium was recorded, specifically providing for the right of the Association to charge the subject fees, in accordance with § 718.111(4), Florida Statutes, effective October 1, 1986), the Association was and is permitted to charge a use fee for the use of association property, regardless of whether or not a lease has been executed, or the exclusive use of the dock exists.

It is undisputed that there are approximately 30 boat slips serving the 1.308 condominium units at THE HEMISPHERES. Beginning

8

early 1986, the Association required that a unit owner wishing to dock his or her boat at the condominium sign a lease. The Defendants refused to sign a lease, but continued to make use of the docks.

The Court concludes that, while § 718.111(6), Florida Statutes, effective 1984, would preclude the charge of a use fee by the Association in the absence of a lease between the Association and the unit owner, the continued use of the boat docks without payment of at least the $.50 per lineal foot charge the users had been paying prior to January 1986 constituted the unauthorized use of the docks, for which the Defendants are liable for damages, the same being the reasonable value of the use of the docks during the period of January, 1986, through December 9, 1986, the date upon which the above-referenced Declaration of Condominium amendment was recorded and became effective.

6. The amendment to Article X of the Declaration of Condominium, authorizing the Association to charge a use fee, was validly adopted by a majority of a quorum as provided by the Declaration of Condominium, as amended. Section 718.110(4), Florida Statutes, effective October 1, 1986, does not require that the amendment be passed by a majority of the Association.

7. The amendment to Article X of the Declaration of Condominium does not discriminate against the owners of boats as a class, nor does it violate Article XV, Section 15.03 of the Declaration of Condominium. The rules and fees adopted by the Board of Directors of the Association are applied to all unit owners, their guests and invitees. There are rational distinctions to be made between the use of 30 boat docks as amongst 1,308 units, and other common elements or Association property that may be available to the members of the Association.

8. The Association has the power to adopt reasonable rules and regulations regarding the use of the marina docks, as clearly evidenced by the following sections of the relevant condominium documents: Articles of Incorporation, Article VII(B)(2); Amended By-Laws, Article VI(C); Declaration of Condominium, Article IX, Section 9.07; and, Declaration of Condominium, Article II, Section 2.10.

9. The relief currently sought by THE HEMISPHERES is not barred by prior orders of this Court. The Court has previously ruled that it does not have the jurisdiction to enter an order enjoining the Defendants to execute a lease with the Plaintiff Association. This relief was initially sought by the Plaintiff, and was dismissed with prejudice by this Court. The relief sought by the Plaintiff in its Fourth Amended Complaint is for ejectment, and for damages.

9

C. *Issues NOT Ripe for Summary Judgment Which Require Trial on the Merits*

The following issues involve disputes of fact which require a trial on the merits:

1. The extent of the use of the marina facilities by the Defendants LIEBERMAN prior to removal of their boat in the summer of 1986 is disputed.

2. The amount of damages to be awarded to the Plaintiff is disputed. The reasonable value of the use of the dock spaces prior to December 9, 1986 requires determination. The reasonableness of the use fees charged subsequent to the date of the recording of the amendment is also challenged.

Based upon the foregoing findings of fact and conclusions of law, the Court hereby enters judgment as follows:

1. Judgment is entered in favor of the Plaintiff THE HEMI-SPHERES CONDOMINIUM ASSOCIATION, INC., and against the Defendants DENNIS P. LEVIN, SUSAN J. LEVIN, RICHARD L. LEVIN, and STANLEY A. BOGOFF and BRENDA A. BOGOFF, his wife, for ejectment and for damages, as to Count I of Plaintiff's Fourth Amended Complaint. The Plaintiff Association is entitled to possession of the boat slips currently being utilized by said Defendants, and the Court shall enter such orders as are necessary, and the Clerk shall issue such writs as are necessary, so as to restore possession of the boat sips being utilized by said Defendants.

2. Judgment is hereby entered in favor of the Plaintiff THE HEMI-SPHERES CONDOMINIUM ASSOCIATION, INC., and against Defendants DONALD KRONER and CAROL KRONER, his wife, for damages, as to Count I.

3. Judgment is hereby entered in favor of the Plaintiff THE HEMI-SPHERES CONDOMINIUM ASSOCIATION, INC., and against Defendants ISADORE LIEBERMAN and PAULA LIEBERMAN, his wife, for damages, as to Count II.

4. Jurisdiction is reserved to determine the amount of damages, attorney's fees and costs, as against all of said Defendants, which shall be determined at trial.

DONE AND ORDERED in chambers, at Fort Lauderdale, Broward County, Florida, this 23rd day of January, 1989.